## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KATHRYN HEUERTZ, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-2756-KHV |
| | ) | |
| CAREGIVERS HOME HEALTH LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion For Leave To File Under Seal The

Appendix Of Exhibits To Defendants' Motion For Summary Judgment (Doc. #111) and plaintiff's

Motion For Leave To File Motion For Partial Summary Judgment Under Seal (Doc. #113), both

filed December 10, 2021.   For reasons stated below, the Court overrules both motions.

Federal courts have long recognized a common-law right of access to judicial records.

Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007).   This right stems from the fundamental

public interest in understanding disputes that are presented to a public forum for resolution.   See

Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616

F.2d 458, 461 (10th Cir. 1980).   The public interest in district court proceedings includes the

assurance that courts are run fairly and that judges are honest.   Crystal Grower's, 616 F.2d at 461-

62.   In determining whether documents should be sealed, the Court weighs the public interest,

which it presumes is paramount, against the interests advanced by the parties.   Helm v. Kansas,

656 F.3d 1277, 1292 (10th Cir. 2011).   The party seeking to overcome the presumption of public

access must show that some significant interest which favors non-disclosure outweighs the public

interest in access to court proceedings and documents.   See Colony Ins. Co. v. Burke, 698 F.3d

1222, 1241 (10th Cir. 2012).   The parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.   Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

Defendants seek leave to file under seal Exhibits 5, 6, 10 through 14 and 16 to Defendants' Motion For Summary Judgment (Doc. #109) filed December 10, 2021.[1]   Plaintiff seeks leave to file under seal more than 900 pages of documents which include the memorandum in support of her motion for summary judgment and all exhibits.   In support of their motions to seal, the parties note that they designated many of the documents as "confidential" under the agreed Protective Order (Doc. #19) filed April 13, 2020.   The fact that a party designated the documents "confidential" under the protective order does not in itself provide sufficient reason to seal. Carfusion 213, LLC v. Prof'l Disposables, Inc., No. 09-2616-KHV, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010).   The protective order states that "[n]othing in this Order will be construed as a prior directive to allow any document to be filed under seal."   Protective Order (Doc. #19) at 5.   Further, the mere designation of information as confidential "is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets."   Id.; see id. at 2 (order "will be strictly construed in favor of public disclosure and open proceedings wherever possible"); see also Helm, 656 F.3d at 1292 (parties cannot overcome presumption against sealing simply by showing records are subject to protective order).

On this record, neither party has met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's

---

[1]     Exhibits 5, 6, 10 through 14 and 16 include an employee handbook, employee emails, personnel records and plaintiff's W-2 documents with her social security number redacted.

decision-making process.   See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access).   Defendants argue that this employment lawsuit involves confidential personnel information, medical information and personal financial information.   Likewise, plaintiff argues that her memorandum describes or quotes from personnel files of non-party employees and defendants' business records.   Neither party has explained further why disclosure of the information would be harmful or how limited redaction would be insufficient to protect any real and substantial privacy interests.   Accordingly, the Court overrules both motions to file documents under seal.

**IT IS THEREFORE ORDERED** that defendant's Motion For Leave To File Under Seal The Appendix Of Exhibits To Defendants' Motion For Summary Judgment (Doc. #111) filed December 10, 2021 is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion For Leave To File Motion For Partial Summary Judgment Under Seal (Doc. #113) filed December 10, 2021 is **OVERRULED**.

Dated this 15th day of December, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge